UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv62631

YAZEH SALEH,

     Plaintiff,

v.

CITIGROUP INC., d/b/a CITI BANK

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff YAZAN SALEH ("Plaintiff") sues Defendant CITI BANK ("Defendant") for violations of 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA"), and Florida. Statute § 559.72 *et seq*., the Florida Consumer Collection Practices Act (the "FCCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, as this action involves violations of the TCPA and FCCPA.

2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

3.    Plaintiff is a natural person and is a resident of Broward County, Florida.

4.    Defendant is a Delaware corporation, with a principal address of 388 Greenwich St New York, NY 10013.

5.    Defendant directs, markets, and conducts substantial business activities in Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## FACTS

6.      Plaintiff is the sole subscriber of the cellular telephone number ending in 2247 ("Plaintiff's Cellphone").

7.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8.      At no point in time did Plaintiff provide Defendant with Plaintiff's express consent to be called, written or otherwise.

9.      Each and every call placed by Defendant to Plaintiff's was placed without Plaintiff's consent, written or otherwise.

10.      The Consumer Debt is an obligation to pay money arising from a transaction between a natural person (the "Debtor") and Defendant for the provision of an unsecured line of credit to the Debtor by Defendant (the "Subject Service").

11.      The Subject Service was primarily for personal, family, or household purposes.

12.      Plaintiff is not the Debtor.

13.      Plaintiff neither had, nor has, any obligation to pay the Consumer Debt.

14.      In attempting to collect the Consumer Debt from Plaintiff, Defendant utilized abusive and harassing methods, namely, Defendant placed of over a hundred phone calls and voicemails attempting to collect a Consumer Debt from Plaintiff.

15.      On one or more occasions, when Plaintiff did not answer a call from Defendant, Defendant would leave a pre-recorded voicemail message, asking Plaintiff to call Defendant.

16.      On one or more occasions, upon answering a call from Defendant, Plaintiff would hear either an extended pause before a representative would come on the line or an automated message requesting that the Plaintiff hold before being connected to a representative.

PAGE | **2** of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17.     Defendant utilized a combination of hardware and software systems place calls to Plaintiff's Cellphone. These systems utilized by Defendant have the current capacity or present ability to store telephone numbers and dial stored numbers automatically, to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

18.     The combination of hardware and software systems used by Defendant place calls to Plaintiff's Cellphone meet the statutory definition of an automated telephone dialing system ("ATDS") under the TCPA.

19.     Defendant's calls to Plaintiff's Cellphone was not for emergency purposes.

*COUNT I*
**VIOLATIONS OF 47 U.S.C. § 227(b)**

20.     Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully set forth herein.

21.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

22.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

23.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

24.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

voice." <u>Breslow v. Wells Fargo Bank, N.A.</u>, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

25.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

26.     A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent.  *See* <u>In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

27.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephone of Plaintiff. These calls were placed without regard to whether Defendant had first obtained express permission from the called party to send such phone calls. In fact, Defendant did not have prior express consent to call Plaintiff's Cellphone.

28.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or pre-recorded voice to make non-emergency telephone calls to Plaintiff's Cellphone.

29.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each unlawful phone call placed

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to Plaintiff's Cellphone by Defendant. Plaintiff is also entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

30.     **WHEREFORE**, Plaintiff, respectfully, requests that the Court enter judgment in favor of Plaintiff , and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling Plaintiff's Cellphone; **[3]** A declaration that Defendant used an automatic telephone dialing system and/or pre-recorded voice, as substantiated by evidence, and violated the TCPA in using such to Plaintiff's Cellphone; and **[4]** Any other relief the Court finds just and proper.

*COUNT II*
<u>**VIOLATION OF FLA. STAT. § 559.72(7) and §559.72(9)**</u>

31.     Plaintiff incorporates by reference paragraphs 1-19 as though fully stated herein.

32.     Pursuant to Fla Stat. § 559.72(7) of the FCCPA, in collecting consumer debts, no person shall:  "*Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*" Fla Stat. § 559.72(7)

33.     As stated above, Defendant called Plaintiff in excess of a hundred times in attempt to collect a Consumer Debt.

34.     Defendant knew that Plaintiff was not the debtor, Defendant knew that Plaintiff did not owe the Consumer Debt and Defendant knew it did not have Plaintiff's prior express consent to call Plaintiff using an ATDS and/or pre-recorded voice.  Defendant, however, proceeded to call Plaintiff in excess of a hundred times.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     As such, Defendant communicated with Plaintiff in a frequency as can be reasonably expected to harass Plaintiff, as well as willfully engaged in other conduct that can be reasonably expected to abuse or harass Plaintiff, by, *inter alai*, calling Plaintiff's Cellphone more than 100 times, despite knowing: [1] Plaintiff was not the Debtor; [2] that Plaintiff did not owe the Consumer Debt; [3] that it (Defendant) did not have Plaintiff's (or the Debtor's) prior consent to call Plaintiff in connection with the collection of the Consumer Debt; and [4] that Plaintiff had explicitly asked Defendant to stop calling Plaintiff's Cellphone.

36.     Additionally, Defendant violated §559.72(9) of the FCCPA by asserting the existence of a legal right to collect the Consumer Debt from Plaintiff when Defendant knew that such right does not exist.

37.     Accordingly, Defendant violated §559.72(7) and §559.72(9) of the FCCPA by willfully engaging in conduct that can be reasonably expected to abuse or harass Plaintiff; by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff and by asserting the exitance of a legal right that Defendant knew did not exist.

## **JURY DEMAND**

38.     Plaintiff, respectfully, demands a trial by jury on all issues so triable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: October 22, 2019

Respectfully Submitted,


  /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com