## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:19-CV-62631-AHS

YAZAN SALEH,

        Plaintiff,

vs.

CITIGROUP, INC., d/b/a CITI BANK,

        Defendant.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT CITIBANK, N.A. TO COMPLAINT

Defendant Citibank, N.A. ("Citibank") erroneously sued as CitiGroup, Inc. d/b/a Citi Bank, hereby answers the Complaint (the "Complaint") filed by plaintiff Yazan Saleh ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.      Answering Paragraph 1 of the Complaint, Citibank does not challenge jurisdiction for purposes of this action only, but denies that it has any liability to Plaintiff in this action. Citibank further states that Plaintiff's claims may be subject to binding arbitration and Citibank specifically reserves, and does not waive, the right to compel arbitration of such claims. Except as expressly stated, Citibank denies the allegations contained in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, Citibank does not challenge venue for purposes of this action only, but denies that it has any liability to Plaintiff in this action. Citibank further states that Plaintiff's claims may be subject to binding arbitration and Citibank specifically reserves, and does not waive, the right to compel arbitration of such claims. Except as expressly stated, Citibank denies the allegations contained in Paragraph 2.

## PARTIES

3.      Answering Paragraph 3 of the Complaint, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

4.      Answering Paragraph 4 of the Complaint, Citibank states that it is a national bank. Citibank denies the remaining allegations contained in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, Citibank admits that it conducts business in Florida.

## FACTS

6.      Answering Paragraph 6 of the Complaint, Citibank at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

7.      Answering Paragraph 7 of the Complaint, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

8.      Answering Paragraph 8 of the Complaint, Citibank denies the allegations contained therein.

9.      Answering Paragraph 9 of the Complaint, Citibank denies the allegations contained therein.

10.      Answering Paragraph 10 of the Complaint, Citibank states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a further response is required, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

MIA 31443848

11.     Answering Paragraph 11 of the Complaint, Citibank denies the allegations contained therein.

12.     Answering Paragraph 12 of the Complaint, Citibank at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Citibank at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

14.     Answering Paragraph 14 of the Complaint, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

15.     Answering Paragraph 15 of the Complaint, Citibank at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

16.     Answering Paragraph 16 of the Complaint, Citibank at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

17.     Answering Paragraph 17 of the Complaint, Citibank denies the allegations contained therein.

MIA 31443848

18.     Answering Paragraph 18 of the Complaint, Citibank states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a further response is required, Citibank denies the allegations contained therein.

19.     Answering Paragraph 19 of the Complaint, Citibank admits that it did not place any calls for emergency purposes but denies that it called Plaintiff.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(B)

20.     Answering Paragraph 20 of the Complaint, Citibank incorporates its responses to Paragraphs 1 through 19, inclusive, as if fully set forth herein.

21.     Answering Paragraph 21 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 21.  Citibank further states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, 47 U.S.C. § 227(b)(1)(A) speaks for itself and Citibank denies any allegations inconsistent therewith.

22.     Answering Paragraph 22 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 22.  Citibank further states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, 47 U.S.C. § 227(a)(1) speaks for itself and Citibank denies any allegations inconsistent therewith.

23.     Answering Paragraph 23 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 23.  Citibank further states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, 47 U.S.C. § 227(b)(1)(A)(iii) speaks for itself and Citibank denies any allegations inconsistent therewith.

24.     Answering Paragraph 24 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 24.  Citibank further states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the cited authority speaks for itself and Citibank denies any allegations inconsistent therewith.

25.     Answering Paragraph 25 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 25.

26.     Answering Paragraph 26 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 26.  Citibank further states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, the cited authority speaks for itself and Citibank denies any allegations inconsistent therewith.

27.     Answering Paragraph 27 of the Complaint, Citibank denies the allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, Citibank denies the allegations contained therein.

29.     Answering Paragraph 29 of the Complaint, Citibank denies the allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Citibank expressly denies that Plaintiff is entitled to any damages or relief whatsoever, including, without limitation, statutory damages, injunctive relief, and/or declaratory relief.

MIA 31443848

## COUNT II
## <u>VIOLATION OF FLA. STAT. §559.72(7) and §559.72(9)</u>

31.     Answering Paragraph 31 of the Complaint, Citibank incorporates its responses to Paragraphs 1 through 19, inclusive, as if fully set forth herein.

32.     Answering Paragraph 32 of the Complaint, Citibank states that this Paragraph contains no allegations directed to Citibank.  Accordingly, Citibank neither admits nor denies the allegations contained in Paragraph 32.  Citibank further states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Florida Statutes section 559.72(7) speaks for itself and Citibank denies any allegations inconsistent therewith.

33.     Answering Paragraph 33 of the Complaint, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

34.     Answering Paragraph 34 of the Complaint, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

35.     Answering Paragraph 35 of the Complaint, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

36.     Answering Paragraph 36 of the Complaint, Citibank denies the allegations contained therein.  Citibank expressly denies that the debt owed to Citibank was a "Consumer Debt" as that term is defined by Florida Statutes section 559.55(6).

37.     Answering Paragraph 37 of the Complaint, Citibank denies the allegations contained therein.

6

## JURY DEMAND

38.     Answering Paragraph 38 of the Complaint, Citibank admits that Plaintiff demands a trial by jury but denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Citibank asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

39.     The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Consent)

40.     Plaintiff is barred from maintaining the alleged cause of action for violation of the TCPA because Plaintiff provided his "prior express consent" within the meaning of the TCPA for the calls allegedly placed to his purported cellular telephone number, which cannot be revoked.  See 47 U.S.C. § 227(b)(1)(A); see also Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51, 57 (2d Cir. 2017), as amended (Aug. 21, 2017) ("It is black-letter law that one party may not alter a bilateral contract by revoking a term without the consent of a counterparty.").

## THIRD AFFIRMATIVE DEFENSE
### (Unintentional Violation/Bona Fide Error)

41.     Plaintiff's claims are barred, in whole or in part, because any alleged wrongful conduct on the part of Citibank, which is assumed only for the purpose of this affirmative defense, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

MIA 31443848

## FOURTH AFFIRMATIVE DEFENSE

### (Ratification)

42.     The Complaint, and each purported cause of action therein, is barred by the conduct actions and inactions of Plaintiff under the doctrine of ratification.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

43.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by Plaintiff's conduct, actions, and inactions, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

44.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

45.     With respect to the matters alleged in the Complaint, Citibank at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against Citibank.

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

46.     Citibank is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Citibank is

found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Citibank parties, persons and entities, or the agents, servants and employees of such non-Citibank parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### NINTH AFFIRMATIVE DEFENSE
### (Independent, Intervening Conduct)

47.     To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Citibank denies, any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Citibank.

### TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

48.     The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Damage/Failure to Mitigate)

49.     To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Citibank denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

MIA 31443848

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

50.     The imposition of liability and/or statutory damages as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

51.     Citibank is entitled to a set off based upon Plaintiff's breach of contract for failure to pay a sum due on Plaintiff's account(s) with Citibank.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

52.     The Complaint is barred, in whole or in part, on the grounds that Plaintiff lacks standing to assert any claims against Citibank.  Plaintiff lacks both standing under Article III of the United States Constitution as he cannot establish that he has suffered a concrete injury in fact as well as statutory standing as the calls at issue do not fall within the scope of the TCPA and the debt at issue does not fall within the FCCPA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

53.     Plaintiff's claims are subject to binding arbitration pursuant to a valid and binding arbitration agreement and Citibank specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

54.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

MIA 31443848

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

55.     Plaintiff's TCPA claims are barred under the First Amendment of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

56.     Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER

**WHEREFORE,** Citibank prays as follows:

1.     That Plaintiff take nothing by virtue of this action;

2.     That the Complaint be dismissed with prejudice;

3.     That judgment be entered against Plaintiff and in favor of Citibank;

4.     That Citibank be awarded its attorneys' fees and costs incurred herein; and

5.     That the Court award any other and further relief it deems just and proper.

Dated: January 13, 2020

*/s/ Brian C. Frontino*
Brian C. Frontino
Florida Bar No. 95200
David D. Switzler
Florida Bar No. 93089
STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, FL 33131-5323
Tel: 305-358-9900
Fax: 305-789-9302
bfrontino@stroock.com
dswitzler@stroock.com
lacalendar@stroock.com

*Attorneys for Defendant,*
*Citibank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the

Court's CM/ECF system on January 13, 2020 on the following:

Jibrael S. Hindi, Esq.
Thomas John Patti III, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida  33301
Telephone:  (954) 907-1136
Facsimile:  (855) 529-9540
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

*/s/ Brian C. Frontino*
Brian C. Frontino

MIA 31443848